1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

HARVEY N. SALOUM,                    )
                                     )
              Plaintiff,             )    **No. 03:11-cv-00899-HU**
                                     )
vs.                                  )
                                     )**ORDER ON IFP APPLICATION, AND**
ROBIN BOARDMAN and SHELLEY           )  **FINDINGS & RECOMMENDATION**
BOARDMAN, a married couple,          )      **ON INITIAL REVIEW**
                                     )
              Defendants.            )
_____

HUBEL, M.J.:

       This matter is before the court on the plaintiff's application
to proceed *in forma pauperis*, filed July 28, 2011. Dkt. #1.  The
court finds the plaintiff's application meets the requirements set
forth in 28 U.S.C. § 1915(a)(1), showing that the plaintiff is
unable to pay the filing fee.  Accordingly, the plaintiff's
application to proceed *in forma pauperis* is **granted.**

       Concurrently with his application to proceed *in forma
pauperis*, the plaintiff filed a Complaint. Dkt. #2. The court now
turns to initial review of the Complaint pursuant to 28 U.S.C.

1 - IFP ORDER & FINDINGS AND RECOMMENDATION

§ 1915(e)(2)(B), which requires the court to dismiss a case that is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his Complaint, the plaintiff asserts claims against the defendants in connection with criminal complaints, a "stalking order," and testimony provided by the defendants in criminal proceedings against the plaintiff in state court. The plaintiff lists his claims as "LYING IN COURT - SPOILATION OF EVIDENCE - FALSIFYING POLICE REPORTS - WITNESS TAMPERING - DEFAMATION OF CHARACTER - ATTEMPT OF CONSPIRACY." Dkt. #2, § 3.

Under Federal Rule of Civil Procedure 8(a), in order to state a claim for relief, a pleading must contain, among other things, "a short and plain statement of the grounds for the court's juris-diction[.]" Fed. R. Civ. P. 8(a). The plaintiff's Complaint contains no such statement, and for good reason. The plaintiff alleges that all of the parties are "residents of the State of Oregon," and all of the events underlying the Complaint took place in Tillamook County, Oregon. Dkt. #2, § 1. Clearly, then the court does not have diversity jurisdiction, which, for purposes of this case, would require that the parties be "citizens of different States[.]" 28 U.S.C. § 1332(a).

Further, the plaintiff has raised no claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. On the contrary, all of the plaintiff's claims appear to arise under state law. As such, the court also lacks federal question jurisdiction.

2 - IFP ORDER & FINDINGS AND RECOMMENDATION

Because the court lacks subject matter jurisdiction, the Complaint should be dismissed.  Further, because the court cannot conceive of any amendment that would cure the jurisdictional defect, the dismissal should be with prejudice.

I therefore recommend that this case be **dismissed with prejudice** for lack of subject matter jurisdiction.  If the plaintiff believes he can, in good faith, state claims against the defendants under state law, he may refile the case in the Circuit Court for the State of Oregon.

### *SCHEDULING ORDER*

These Findings and Recommendations will be referred to a district judge.  Objections, if any, are due by **November 14, 2011.** If no objections are filed, then the Findings and Recommendations will go under advisement on that date.  Because the defendants have not yet been served with process and have not, therefore, appeared in the case, no responses to objections will be received.

IT IS SO ORDERED.

Dated this 26th day of October, 2011.


/s/ Dennis James Hubel
Dennis James Hubel
Unites States Magistrate Judge

3 - IFP ORDER & FINDINGS AND RECOMMENDATION